UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDRA M. DEAN,

                Plaintiff,

       -against-

U.S.A. INC.,

                Defendant.

25-CV-4604 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Alexandra M. Dean, who is proceeding *pro se*, brings this new civil action against the United States on behalf of herself and several other individuals. To proceed with a civil action in this court, Plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, submit a completed and signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

      Plaintiff submitted her complaint without the fees to bring this action or a completed and signed IFP application. Although she submitted an IFP application, she did not complete the form with her financial information. Rather, she states, "We the People Demand to Proceed for Free without the Disclosure of our Personal Financial Info! Forma Pauperis Status Unconstitutional." (ECF 2, at 1.) Plaintiff claims that requiring her to provide her "financial information imposes an undue burden." (*Id.*)

      To the extent Plaintiff seeks a waiver of the fees without providing her financial information, her request is denied. The imposition of filing fees has been upheld by the United States Supreme Court, *see Ortwein v. Schwab*, 410 U.S. 656 (1973), and those fees may be waived upon submission of a completed IFP application showing that the applicant cannot pay

the fees, *see, e.g.*, *Billie v. Deutsche Bank Tr. Co.*, No. 18-CV-1176 (AWT), 2018 WL 10579835, at *1 (D. Conn. Aug. 22, 2018) ("Section 1915 ensures access to the courts in cases where undue hardship would otherwise prevent an indigent individual from pursuing a viable claim. However, individuals may not proceed *in forma pauperis* if they 'have not included financial affidavits' establishing indigence.") (citation omitted).

Within 30 days of the date of this order, Plaintiff must either pay the $405.00 in fees or complete, sign, and submit the attached IFP application. If Plaintiff submits the IFP application, it should be labeled with docket number 25-CV-4604 (LTS). If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the Court will dismiss this action.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 13, 2025
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge